HANNAH PERRINE *against* ENOCH PERRINE and DANIEL DEY, Executors of PETER PERRINE, Deceased.

### IN ERROR.

1. A legacy given to a wife in lieu of dower, the wife having no title or inchoate right to dower at the time of making the will, or afterwards, will abate in proportion to other legacies.

2. The fact of the widow's having no title or right inchoate at the time of making the will, or afterwards, may be made out by evidence *dehors* the will.

This was an action on the case, brought in the Common Pleas of the county of Middlesex, by Hannah Perrine, (the widow of Peter Perrine, deceased) against his executors, to recover a legacy bequeathed to her by the will of said Peter Perrine, deceased, which bequest was in the following words: "I give and bequeath unto my well beloved wife, Hannah Perrine, all the articles, goods and furniture that I received with her after our marriage, likewise the sum of three hundred dollars; the said goods and furniture to be delivered unto her immediately after my decease; and the said sum of money to be paid unto her within three months after my decease; all the above mentioned property, and the said sum of money, I give and bequeath unto my said wife Hannah, provided she shall accept the same in lieu of her right of dower." The other parts of the will necessary to be inserted here, for the purpose of understanding the case, were as follows: "*Item*, I give and bequeath unto my son Enoch, his heirs and assigns forever, all the lands now owned by me, together with all the residue of my moveable property of every description, not before bequeathed, provided he shall pay the several sums of money, as is hereafter directed." Then he gives to his seven daughters, and the children of a deceased daughter, $50 each, to be paid within one year after his decease, and directs, that his son Enoch shall pay

all his just debts, funeral expenses, the costs of executing his will, and also, all the several sums of money I have given and bequeathed unto my wife, children and grandchildren, as is above directed."

The following state of the case was agreed upon by the parties and their attorneys, and submitted to the Court of Common Pleas. *First.* That Peter Perrine, deceased, in his lifetime, made and executed, in due form, his last will and testament, in writing, bearing date the twenty-first day of April, eighteen hundred and fourteen, *pro ut* the same, and some time afterwards, to wit, in the month of September, eighteen hundred and seventeen, departed this life, without having revoked or altered the same, and being, at the time of making said will, and at the time of his death, an inhabitant of the county of Middlesex; that the defendants, the executors, proved said will, and took upon themselves the execution (*pro ut* the same); that within three months after the death of the said Peter Perrine, deceased, the defendants delivered to the plaintiff all the articles, goods and furniture that were received with her by the testator, after the marriage of the said testator with her, and mentioned in the said last will; that the testator did not, at the time of making his said will, or at any time afterwards, own or possess any real estate of inheritance, and that no such estate descended from him to his heirs, and that Enoch Perrine, his son, mentioned in said will, has not received any estate, real or personal, under the devises and bequest to him in said will contained; that the testator had, at the time of making his will, the following daughters, Margaret, Catharine, Mary, Elizabeth, Rebecca, Sarah, and Lydia, and the following son, Enoch; that Jane, mentioned in the said will, and Peter and Andrew, who were also his children, were deceased at the time of making said will; that all the said children, as well those then living as those who were then deceased, he had by his former wife Sarah (Scantling being her maiden name); that

all the above children, (except those deceased at the time of making said will) and the children of Jane, mentioned in the will, were living at the time of testator's death, and still are living; that the said Sarah Scantling, at the time of, and after, her intermarriage with the testator, owned, in fee simple, a tract of land in the county of Middlesex, which, upon her death, descended to her children, and in which the testator, after her death, and at the time of his intermarriage with the present plaintiff, had an estate for life, as tenant by the curtesy, and the testator, at the time of making this said will, believed he had an estate in fee simple in said premises, instead of a tenancy by the curtesy, and intended to include it in his devise to Enoch Perrine, which is to be included as a part of this state of the case, if the court think it admissible, and can legally be proved by evidence *dehors* the will; that the defendants, as executors of said testator, exhibited to the county of Middlesex their accounts of the personal estate and credits of said testator, and of their disbursements thereout, which were $——, and stated by the surrogate, and reported to the Orphans' Court of the county of Middlesex, by him, for allowance in the term of September, eighteen hundred and eighteen, which in the same term, by the said court, on due proof of their having been legally advertised, were all allowed and confirmed by the decree of said court, and, upon such accounting, a balance was, by said decree, found and decreed, to be in their hands, after the disbursements allowed of three hundred and thirty-eight dollars and ninety-nine cents; that, in addition to said balance, a small sum, not contained in said accounts, has been received by said executors, defendants, so as to make the widow's share of the whole sum in their hands to be appropriated towards the payment of legacies, (provided the legacy of three hundred dollars, given to plaintiff in said will, is to abate in a rateable proportion with the other legacies therein) amount to the sum of one hundred and forty-eight dollars and sixty-nine cents; but

that the said sum in their hands, to be appropriated towards the payment of said legacies, is insufficient to pay off and satisfy the same; that the writ in this cause was sealed and sued out, and the suit commenced on the second day of September, eighteen hundred and nineteen; and that on the first day of the said month of September, the day before the suit was commenced, the plaintiff tendered to the defendants a refunding bond, (*pro ut* the same) and the defendants paid the plaintiff the said sum of one hundred and forty-eight dollars and sixty-nine cents, part of her said legacy of three hundred dollars, at the same time.

If the court shall be of opinion, that the plaintiff's said legacy of three hundred dollars ought to abate in a rateable proportion with the legacies of fifty dollars, given in said will to Margaret, Catharine, Mary, Elizabeth, Rebecca, Sarah, and Lydia, each respectively, and to the children of his daughter Jane, then judgment is to be rendered for the defendants with costs; but if the court shall think, that the said legacy ought not to abate as aforesaid, then judgment is to be rendered in favor of the plaintiff for one hundred and fifty-one dollars and thirty-one cents, the balance, and ten dollars and fifty-nine cents, interest thereon, whole amount one hundred sixty-one dollars and ninety cents, with costs. Error in the sum for which judgment shall be rendered, open for correction.

Upon this state of the case, the Court of Common Pleas gave judgement against the said plaintiff, Hannah Perrine, that she take nothing by her said writ. A writ of error was thereupon brought to this court.

*Hamilton*, attorney for plaintiff in error. *Wood*, for defendant.

KIRKPATRICK, C. J. Peter Perrine, the testator, in and by his last will and testament, gives and bequeaths as follows, *viz:* "*Imprimis*, I give and bequeath unto my well beloved

wife, Hannah, all the articles, goods and furniture that I received with her after our marriage, likewise the sum of three hundred dollars ; the said goods and furniture to be delivered to her immediately after my decease, and the said sum of money to be paid to her within three months after my decease ; all the above mentioned property, and the said sum of money, I give and bequeath unto her, my said wife Hannah, provided she shall accept the same in lieu of her right of dower, and not otherwise."

" *Item*, I give and bequeath unto my son, Enoch, his heirs and assigns forever; all the lands now owned by me, together with all the residue of my moveable property of every description, not before bequeathed, provided he shall pay the several sums of money, as is hereafter directed."

Then he gives to his seven daughters, and the children of a deceased daughter, $50 each, to be paid within one year after his decease, and directs, that his son, Enoch, shall pay all his just debts, funeral expenses, the costs of executing his will, *and also all the several sums of money I have given and bequeathed unto my wife, children and grandchildren, as is above directed.*

It is admitted, by both parties, that the testator, neither at the time of making this will, nor at any time afterwards, was seized or possessed of any estate of inheritance whereof his wife could be endowed, and that Enoch, the son, has never received, for his own use, any estate, either real or personal, under the said will ; for that the estate which the testator had in the lands of which he was possessed when he made the will, and which it is supposed he intended to devise to his said son, was a tenancy by the curtesy only. These facts, thus admitted to be made part of the case, if they might be proved by evidence, *dehors* the will in a court of common law, but not otherwise. It is admitted, also, that the personal estate of the testator is not sufficient to pay all the legacies bequeathed. And the question is, whether, upon this state of facts, the legacy of $300,

bequeathed to the wife, shall abate in proportion to the other legacies ? and if the court shall be of opinion, that it shall abate, then, by the agreement, judgment is to be entered for the defendants, with costs, and if not, then for the plaintiff for $161.90, with costs.

In the case of *Blower* v. *Morret* (2 *Vezey* 420) Lord Chancellor Hardwicke, after taking a view of the cases upon this subject, says, in substance, that a bequest being prefaced by the words *imprimis,* or, *in the first place,* or the legacy being made payable *immediately,* or, *out of the first moneys received,* or, *at a time certain and short,* leaving other legacies to be paid *after the year,* as the law is, or, *at a more distant day,* or such other modes of expression, does not give such legacy a preference, or exempt it from a proportionable abatement, in case of a deficiency of assets. And he says, further, in the same case, that though the general principle be, that a legacy given in lieu of dower shall not abate, as was settled by Lord Chancellor Cowper in the case of *Burridge* v. *Bradyl,* (1 *P. Wms.* 127) yet that the application of this principle may depend upon facts connected with the bequest. If the wife, at the time of the making of the will, was entitled, or had an inchoate right, to any dower or thirds out of the testator's estate, the legacy given in lieu thereof would have a preference, and would not abate, for that the bequest in that case was setting a price upon the dower, and, if the widow thought fit to take it, it became a purchase of the dower, on her part, at a fixed price, and so was not bound to abate in proportion to other legacies, because it was a meritorious consideration given by her, and not a voluntary bounty or favor from the testator. But if she had no such title or inchoate right, as if she had a jointure in bar of dower before the making of the will, it would be otherwise. And in such cases, the legacy being expressed to be in lieu of dower, *is but a closing of every-thing, and the words are words of course, and amount to nothing if she was not entitled to dower.*

We might trace the same doctrine down through the English reporters of a later date, but, as *they* are no evidence of the law in this court, it would be improper to do so. This decision of Lord Hardwicke settles the law upon the case before us in all its parts. And even if his opinion, and his settling the law upon this basis, were of less authority than they are, the plain principles of common sense, I think, would conduct every reflecting man to the same conclusion.

And, if this be so, there certainly can be no doubt but that the fact of the widow's having no title, or right inchoate, at the time of the making of the will, or afterwards, may be made out by evidence, *dehors* the will. This is a matter which cannot, in the common course of things, appear upon the face of the will, and, therefore, if proved at all, it must be by evidence *dehors*. And to say, that the application of the testator's estate in the payment of legacies shall depend upon this fact, and yet that this fact shall not be proved, would be an absurdity which the law never can countenance. And as to the second topic of argument, to wit, that these legacies to the children and grandchildren are charged *upon the residue of the estate given to Enoch, after the legacy to the wife is paid*, the fact is not so, the words of the will will not bear that construction. The legacy to the wife is as much, and as expressly charged upon this residue given to Enoch, as the legacies to the children and grandchildren. And though it be true, that if a legacy be charged upon *a residue*, and it should turn out that there should be no residue, the legacy must fail; yet if several legacies be charged upon *a residue*, and it should be insufficient to pay them all, then they must be paid *pro rata*, as far as it will reach, and that is the case here.

I am of opinion, therefore, that the judgment of the Court of Common Pleas must be affirmed, and that, by the agreement of the parties, judgment must be entered for the defendants, with costs.

ROSSELL, J.  Peter Perrine, supposing himself the owner of real estate, devises it to his son Enoch.  To his widow, he leaves "his household furniture, to be delivered immediately."  Then a legacy of "$300, to be paid in three months," in lieu of dower.  To his daughter $300, charged on the real estate he left Enoch.  It appears he was only tenant by the curtesy of the land left to his son, and that he had no other real estate.  The widow took possession of the furniture; and the remainder of the personal estate would be wholly swallowed up by the payment of the legacy left her, and the testator's children, male and female, would be left without a dollar of his estate.  The question is, does the legacy of $300, left the widow, abate proportionably with that left the daughter ? or, is it of that description called a *specific* legacy, which must, at all events, be first paid, if assets are found to enable the executor to pay it ?  It is urged that this is a *specific* legacy, in lieu of dower, which is always favored as well as those in lieu of a debt ; and that the testator's will is to take effect according to his understanding at the time, and cannot be affected by his mistake in the amount of his property.

Legacies are *general* or *specific*.  "The former shall abate in proportion, notwithstanding a direction in the place or time of payment.  But it may be otherwise on a strong intent ; or if it is a purchase of dower, and the wife entitled to dower."  1 *Bridgman's index* 572.  1 *Per Wms.* 778— "If one grant an annuity out of the manor of Dale, to which he had no title, though it would not be a charge on the manor, yet it would be good against the person."  For the main intent of the testator was to give a legacy to J. S., the legatee shall have it, one way or the other, out of the land or the personal estate.  A *specific* legacy, Lord Hardwicke says, (1 *Atkins* 417) "is a bequest of a particular chattel, distinguished from all others of the same kind, as a horse, a a silver cup, money in a certain chest," &c.

The general principle then is, that legacies abate proportionably when there are not assets to satisfy the whole, with

the exception of specific articles, or where it is for the *purchase* of dower, when the widow is entitled to dower. This legacy of $300 to the wife, who was not entitled to dower, must be considered a general legacy, and she is not entitled to more than a rateable proportion with the other legatees.

FORD, J. concurred.